**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CALUM THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>TONY SAVILISKY,<br><br>Defendant. | Civil Action No. 24-3412-TDC |

## MEMORANDUM OPINION

Self-represented Plaintiff Calum Thomas, who is currently incarcerated at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, has filed this civil action pursuant to 42 U.S.C. § 1983 against Defendant Correctional Officer Tony Savilisky in which he alleges that Savilisky used excessive force against him while he was incarcerated at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland. Savilisky has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which is fully briefed. Thomas has filed a Motion for Judgment on the Pleadings, which the Court construes as also constituting a memorandum in opposition to Savilisky's Motion. Thomas has also filed a Motion for Appointment of Counsel. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Savilisky's Motions will be GRANTED, Thomas's Motion for Judgment on the Pleadings will be DENIED, and Thomas's Motion for Appointment of Counsel will be DISMISSED AS MOOT.

## BACKGROUND

### I. Use of Force and Disciplinary Charges

In the Amended Complaint, Thomas asserts that on May 3, 2024, he and his cellmate were returned to their cell after they had taken showers. After Thomas was uncuffed, he heard Savilisky ask another correctional officer if he could use pepper spray on the two inmates. Savilisky then deployed pepper spray, which hit Thomas in the eyes. In order to cover up this action, Savilisky then falsely accused Thomas's cellmate of having aggressively charged at Thomas. Although Thomas and his cellmate were subjected to charges for disciplinary rule violations, on May 30, 2024, those charges were dismissed because, according to Thomas, Savilisky was known to have been lying. Thomas seeks damages against Savilisky for the unnecessary use of excessive force.

With his Motion, Savilisky has submitted the Serious Incident Report/Use of Force investigative report relating to this incident, which includes medical records and a video recording of the incident. The investigating officer found that after Thomas and his cellmate were secured in their cell and the handcuffs were removed from Thomas, the cellmate stepped through his cuffs, positioned his hands in front of his body, and then charged at Thomas in an "aggressive manner." Def.'s Appendix ("App.") 42, Savilisky Mot. Ex. 2, ECF No. 17-3. Savilisky gave one burst of pepper spray toward both inmates, after which they both complied with orders to separate. Thomas then refused medical treatment and a decontamination shower. The investigating officer concluded that the level of force used by the correctional staff was appropriate.

Savilisky has also submitted the disciplinary hearing record pertaining to the incident. Thomas was charged with committing an assault or battery on an inmate, to which he pleaded not guilty. After a review of the incident, NBCI dismissed the charge.

## II. Administrative Remedy Procedure Grievance

In support of his Motion, Savilisky provided the administrative remedy procedure grievance ("ARP") relating to this incident, ARP No. NBCI-0714-24, submitted by Thomas on May 14, 2024. In the ARP, Thomas alleged that Savilisky falsely alleged that his cellmate charged at him and that he used excessive force by deploying pepper spray against him. On June 18, 2024, the ARP was dismissed as lacking merit on the grounds that the investigation concluded that Savilisky's actions were justified, and that he deployed pepper spray to prevent Thomas from being assaulted by his cellmate.

Savilisky has also submitted a declaration from the Special Assistant to the Director of the Patuxent Institution, Kristina M. Donnelly, in which she attests that based on a review of the relevant records, Thomas filed only one appeal of an ARP between May 3, 2024 and August 25, 2025, consisting of an appeal of a different ARP, No. NBCI-1358-24, which related to the use of food as punishment. Savilisky also submitted a declaration from the Director of the Incarcerated Individual Grievance Office ("IIGO"), F. Todd Taylor, Jr., who states that a review of the relevant records shows that Thomas filed only one grievance or appeal with the IIGO between January 1, 2019 and August 25, 2025, which was filed on November 18, 2024 and also related to ARP No. NBCI-1358-24.

Savilisky also submitted with his Motion a copy of the NBCI Inmate Handbook, which was provided to Thomas on February 12, 2024 and which specifically advised him of the three-step ARP grievance procedure.

In opposing the Motion and in support of his own Motion, Thomas states that after waiting 30 days and not receiving a response to his ARP, on June 13, 2024, he sent an appeal to the Commissioner of Correction ("the Commissioner"), and after waiting another 30 days and not

receiving a response from the Commissioner, he sent an appeal to the IIGO. Thomas does not provide a copy of his appeal to the Commissioner or his IIGO grievance.

## DISCUSSION

In his Motion, Savilisky seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56. Savilisky argues that his Motion should be granted because (1) Savilisky is immune from claims against him in his official capacity pursuant to the Eleventh Amendment to the United States Constitution; (2) Thomas has failed to exhaust administrative remedies; (3) Thomas has failed to state an Eighth Amendment excessive force claim against Savilisky; (4) Thomas has failed to state a claim based on the allegedly false report leading to disciplinary charges; and (5) Savilisky is entitled to qualified immunity.

### I. Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). The Rule 12(b)(6) standard also applies to a motion for judgment on the pleadings. *Drager* v. *PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

Defendant has titled his Motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and has attached exhibits for consideration. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Rule 12(d) requires courts to treat such a motion as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted).

Here, the notice requirement has been satisfied by the title of Defendant's Motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d), or another filing, explaining why "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). In opposing the Motion, Thomas does not assert that summary judgment is premature or that he needs certain discovery in order to oppose the Motion. The Court will therefore construe Savilisky's Motion as a Motion for Summary Judgment for purposes of the arguments requiring consideration of the attached exhibits.

Under Rule 56, the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment

as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

## II. Exhaustion of Administrative Remedies

Savilisky asserts that the Amended Complaint should be dismissed because Thomas failed to exhaust administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 578 U.S. 632, 642 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative

remedy is unavailable. An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross*, 578 U.S. at 643–44.

In Maryland prisons, the Administrative Remedy Procedure is the administrative process that must be exhausted. *See* Md. Code Ann., Corr. Servs. §§ 10–201 to 10–210 (LexisNexis 2025); Md. Code Regs. 12.02.28.02(B)(1) (2025). First, a prisoner must file a complaint, known as an ARP, with the warden or other managing official of the prison within 30 days of the incident or when the prisoner gains knowledge of the injury giving rise to the complaint. *See* Md. Code Regs. 12.02.28.09(B), 12.02.28.05(D). Second, if the complaint is denied, or the managing official fails to respond within the established time frame, a prisoner must file an appeal to the Commissioner within 30 days. Md. Code Regs. 12.02.28.14. If the appeal is denied, or if there is no response to the appeal within the established time frame, the prisoner must appeal within 30 days to the IIGO. *See* Md. Code Ann., Corr. Servs. § 10–206; Md. Code Regs. 12.02.28.18, 12.07.01.05. Inmates may seek judicial review of the IIGO's final determinations in a Maryland circuit court. Md. Code Ann., Corr. Servs. § 10–210. The established time frame for the managing official to respond to the ARP is 30 calendar days after the filing of the ARP, unless an extension is authorized. Md. Code Regs. 12.02.28.12(H). The established time frame for the Commissioner to respond to an ARP appeal is within 30 calendar days of the date of the filing of the appeal. Md. Code Regs. 12.02.28.17(A).

The record reflects that on May 14, 2024, Thomas filed an ARP that was then dismissed on June 18, 2024, because the investigation determined that Savilisky's actions were justified in deploying pepper spray to prevent Thomas from being assaulted. Savilisky asserts, based on the

declarations by relevant officials, that Thomas did not file an appeal to the Commissioner or to the IIGO.

In his brief, Thomas asserts that he filed an appeal to the Commissioner and also an appeal to the IIGO. Thomas's assertions are not verified, he has not provided a declaration or affidavit, and he has provided no copies of his appeal filings or any evidence that he filed the appeals. Notably, Thomas was notified that he had the right to oppose Savilisky's Motion and was specifically advised that his response "should include affidavits (statements made under oath); declarations (statements made subject to the penalty of perjury under 28 U.S.C. § 1746); or other materials that contest the affidavits, declarations, or records filed by the defendant(s), which are needed to show the Court that a genuine issue of material fact remains to be determined and the case should proceed to trial or evidentiary hearing." Rule 12/56 Notice at 1, ECF No. 20.

Generally, when one party files a motion for summary judgment, the nonmoving party cannot rely on the pleadings but must provide evidence, through a factual affidavit or otherwise, in support of its position. *See Celotex*, 477 U.S. at 324; *Kipps v. Ewell*, 538 F.2d 564, 566 (4th Cir. 1976). A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson,* 477 U.S. at 249–50. Here, where Savilisky has supported his claim that Thomas failed to exhaust administrative remedies by submitting ARP records and declarations attesting to the lack of any record that Thomas filed an appeal to the Commissioner or to the IIGO relating to the incident in question, while Thomas has responded with only unverified allegations and no documentation, the Court finds that Thomas has not demonstrated that there is a genuine dispute of a material fact on whether he completed all steps in the Administrative Remedy Procedure. Where the record demonstrates that Thomas failed to exhaust administrative remedies, Savilisky's Motion will be

granted. *See Jones v. Bock*, 549 U.S. 199, 202 (2007) (stating that "the PLRA . . . requires prisoners to exhaust prison grievance procedures before filing suit"); *Germain v. Shearin*, 653 F. App'x 231, 234 (4th Cir. 2016) (finding that "[e]xhaustion has not occurred . . . when an institution's appeal process necessarily must continue after the filing of the complaint," and that where the plaintiff "failed to exhaust his claims prior to initiating this suit," dismissal was "mandatory"); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding that the court "must dismiss [the] plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed" because "the plain language of the statute makes exhaustion a precondition to filing an action in federal court").

Although Savilisky requested summary judgment, and the Court has considered evidence attached to the Motion in resolving it, the proper ruling based on a failure to exhaust administrative remedies is dismissal without prejudice. *See Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021); *Germain*, 653 F. App'x at 234–35 (finding dismissal "mandatory" for failure to exhaust and affirming the district court's grant of summary judgment but modifying the order to be dismissal without prejudice). In turn, Thomas's Motion for Judgment on the Pleadings will necessarily be denied, and the Motion for Appointment of Counsel will be dismissed as moot.

Where the Amended Complaint will be dismissed based on a failure to exhaust administrative remedies, the Court declines to address Savilisky's additional arguments for dismissal and summary judgment.

## CONCLUSION

For the foregoing reasons, Defendant Savilisky's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment will be GRANTED, and this case will be DISMISSED WITHOUT PREJUDICE based on the failure to exhaust administrative remedies; Thomas's Motion for

Judgment on the Pleadings will be DENIED, and Thomas's Motion for Appointment of Counsel will be DISMISSED AS MOOT. A separate Order shall be issued.

Date: August 27, 2026

THEODORE D. CHUANG
United States District Judge